# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

|  |  |  |
|---|---|---|
| DUSTIN BAKER | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.   14-cv-1155 |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| Respondent. | ) | |

# O R D E R  &  O P I N I O N

This matter is before the Court on Respondent's Motion to Dismiss Petitioner's § 2255 Motion (Doc. 5) and Petitioner's Motion for Status (Doc. 10), in which Petitioner also requests appointment of counsel. Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on April 24, 2014. (Doc. 1). Petitioner's response to Respondent's Motion to Dismiss was originally due on July 31, 2014. Petitioner has not responded, and the Motion to Dismiss is therefore ready for decision.[1] For the following reasons, Respondent's Motion to

---

[1] Petitioner filed a Motion for Status on November 24, 2014, in which he informed the Court that he had not received any filings in the case since the Court's July 1, 2014 Order granting Respondent's Motion for Extension of Time to file a Response. (Doc. 10). Petitioner filed his Motion for Status after the Court granted him two sua sponte extensions to respond to the Motion to Dismiss. By Text Order on August 14, 2014, the Court sua sponte extended Petitioner's deadline to respond to September 5, 2014. By Text Order on September 19, 2014, the Court again sua sponte extended the deadline for Petitioner to respond from September 5, 2014 until October 10, 2014. Despite statements by Petitioner that he has not received documents filed in the case, the docket sheet specifically reflects that Petitioner was mailed a copy of Respondent's Motion to Dismiss on August 14, 2014. The docket sheet does not reflect that the Court's mail to Petitioner was returned. Therefore, the Court presumes that the copy of Respondent's Motion to Dismiss reached its intended

Dismiss is denied with respect to Petitioner's ineffective assistance of counsel claim but granted with respect to Petitioner's claim that the government breached its plea agreement by failing to file a Rule 35(b) motion. Petitioner's Motion for Status is denied.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

After entering a guilty plea, Petitioner was convicted of conspiracy to manufacture and distribute methamphetamine in violation of 18 U.S.C. §§ 846, 841(b)(1)(B), and sentenced to a term of 60 months' imprisonment. (Judgment, *United States v. Baker*, No. 11-cr-10117-008 (C.D. Ill. Nov. 15, 2012)). In his § 2255 Motion, Petitioner raises two claims. First, he alleges he received ineffective assistance of counsel during the plea bargaining process. Second, the Court has construed Petitioner's Motion as alleging that the government has failed to fulfill its promise to file a Rule 35 motion. (Doc. 3 at 1).

Petitioner's ineffective assistance of counsel claim concerns the behavior of two separate attorneys. First, he alleges that William K. Holman provided him with ineffective assistance when he advised him to accept the government's plea offer and enter into an oral agreement with the government in which it would file a Rule 35 motion on his behalf within one year of sentencing. (Doc. 1 at 4). Second, Petitioner argues that he received ineffective assistance of counsel from a second attorney, Lee Smith. During the criminal proceeding, Petitioner moved *pro se* to

---

destination. However, because Petitioner asserts that he never received Respondent's motion or any notice of extensions of time to respond, the Court will not presume that there is no opposition to the motion, as it may under the local rules. *See* C.D. Ill. Civ. R. 7.1(B)(2). But, Petitioner's time to respond has passed, and the Court will decide the motion.

withdraw his guilty plea. (Motion for substation of counsel (filed as Motion to Withdraw Plea of Guilty), *United States v. Baker*, 11-cr-10117-008 (C.D. Ill. Aug. 13, 2012)). Because Petitioner was represented by William Holman at the time, the undersigned construed his motion to withdraw his guilty plea as a motion for substitution of counsel. The Court granted this motion, and appointed Lee Smith. (Minute Entry, *United States v. Baker*, 11-cr-101117-008 (C.D. Ill. Sept. 5, 2012)). Petitioner alleges that Smith, like Holman, delivered an oral promise from the government to file a Rule 35 motion in exchange for a guilty plea, and also alleges that Smith was ineffective for "remaining silent and allowing the government to manipulate the situation." (Doc. 1 at 6).

Although it is not stated as an independent ground within the Motion, the Court has also construed Petitioner's § 2255 Motion to include a claim challenging the government's failure to file a Rule 35 motion. (Doc. 3 at 1). Petitioner alleges that the government promised to file a Rule 35 motion, and breached its promise by failing to do so within one year of his sentencing. (Doc. 1 at 4-5).

### DISCUSSION

Respondent moves to dismiss Petitioner's § 2255 Motion on two grounds. First, Respondent argues that Petitioner did not timely file his Motion within § 2255's one-year statute of limitations. Second, Respondent argues that Petitioner waived his right to collateral review as part of his plea agreement. Respondent's Motion to Dismiss is denied with respect to the ineffective assistance of counsel claim. However, Petitioner's claim that the government breached a promise by

failing to file a Rule 35(b) motion, although timely, is barred by the waiver in the plea agreement.

## I. Timeliness of Petitioner's Motion

Section 2255 has a one-year statute of limitations for filing which runs from the latest of four discrete moments, including two of which may apply here: "the date on which the judgment of conviction becomes final," or "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(1), (4).[2] The Court concludes that Petitioner's claim that the government failed to fulfill its end of the plea bargain is not time barred. Based on the record before it at this point, the Court is unable to determine whether Petitioner's ineffective assistance of counsel claim is timely. Therefore, the Court does not find that the Petition is untimely at this stage of the proceeding.

_____

[2] Petitioner has also urged the Court to consider applying 28 U.S.C. § 2255(f)(2), which tolls the statute of limitations for a § 2255 motion until "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed." This section is not applicable to this case. Petitioner has not alleged that the government erected any impediments to filing a § 2255 motion. He has only alleged that the government failed to file a Rule 35 motion and that he patiently waited for it to do so. With respect to Petitioner's claim that the government failed to honor a promise it made as part of the plea bargain, the government's failure to file did not constitute an impediment. Rather, the factual predicate underlying Petitioner's claim did not exist until time expired for the government to file a Rule 35(b) motion. *See United States v. Taylor*, 385 F. App'x 584, 586 (7th Cir. 2010) (applying § 2255(f)(1), but concluding that a prisoner's statute of limitations for a claim relating to the government's failure to file a Rule 35(b) motion does not begin to run until the time to file the motion has expired). The government's failure to file a Rule 35(b) motion also did not serve as an impediment with respect to Petitioner's ineffective assistance of counsel claims. If Petitioner became aware of the illusory nature of the alleged oral promise and his counsel's alleged ineffectiveness prior to the Rule 35(b) deadline, the government's failure to file a Rule 35(b) motion would not impede Petitioner from filing a § 2255 motion.

Respondent urges the Court to conclude that the Petition was filed late pursuant to 28 U.S.C. § 2255(f)(1). Petitioner was sentenced on November 15, 2012 and he waived his right to direct appeal. Therefore, Petitioner's judgment of conviction was final fourteen days later, when the deadline for the notice of appeal expired. *See Clarke v. United States*, 03 F.3d 1098, 1100 (7th Cir. 2013); Fed. R. App. P. 4(b). Because Petitioner filed his motion in April 2014, Respondent argues that he missed the deadline imposed by statute.

Petitioner urges the Court to apply 28 U.S.C. § 2255(f)(4), and conclude that the statute of limitations did not begin to run until November 15, 2013, when it became clear to him that the government was not going to file a motion to correct or reduce his sentence pursuant to Federal Rule of Criminal Procedure 35(b). Under Rule 35(b), a court "may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person." Fed. R. Crim. P. 35(b)(1). Absent particular circumstances that do not appear to exist in this case, the government must make this motion within one year of sentencing. Fed. R. Crim. P. 35(b)(1),(2).

Petitioner's claim that the government failed to honor its end of the plea bargain could not have been brought until November 15, 2013, one year after the Court sentenced him. *See United States v. Taylor*, 385 F. App'x 584, 586 (7th Cir. 2010). At any point before then, the government could have complied with any promise it may have made to file a Rule 35 motion. These facts did not exist until November 15, 2013, so § 2255's one-year statute of limitations did not begin running

until that point. Because Petitioner filed his § 2255 motion within one year of November 15, 2013, this claim is timely. *See* 28 U.S.C. § 2255(f)(4).

Whether Petitioner's ineffective assistance of counsel claim is timely is more complicated. Petitioner's ineffective assistance of counsel claim is inextricably linked to an alleged oral agreement in which he agreed to waive his rights to appeal or collaterally attack his conviction in exchange for Respondent's promise to file a Rule 35 motion on his behalf. (Doc. 1 at 4). Petitioner alleges that both of his attorneys were ineffective because they provided erroneous advice to accept a plea agreement and waive his rights to an appeal in exchange for an oral promise. (*Id.* at 7). However, Petitioner's ineffective assistance of counsel claim has nothing to do with the government's failure to file a Rule 35(b) motion; rather, he argues that the government's failure to file a Rule 35(b) motion exposed how ineffective his attorneys were. Therefore, Petitioner could have filed a § 2255 motion well before November 15, 2013 had he been aware of the fact that the apparent oral promise was no promise at all.

The question under § 2255(f)(4) is when Petitioner could have discovered these facts through the exercise of due diligence. The Seventh Circuit has equated § 2255(f)(4) with a rule of inquiry notice. *See Clarke v. U.S.*, 703 F.3d 1098, 1100 (7th Cir. 2013). In *Clarke*, the Seventh Circuit concluded that although a petitioner was unaware of the immigration consequences of her guilty plea until the government initiated deportation proceedings, she could have become aware of them before she pled guilty, when her lawyer notified her of "possible immigration consequences." *Id.*

Petitioner argues that he was not aware of how ineffective his counsel was until Respondent failed to file a Rule 35 motion within a year of his sentencing. In its Motion to Dismiss, Respondent seems to suggest that Petitioner could have become aware of the consequences of his counsel's advice during the Rule 11 plea colloquy, in which the Court asked Petitioner whether he was "expecting the government to make a motion at the time of sentencing for a departure from the mandatory minimum term of imprisonment," and then reminded him that, "The United States reserves the right in its sole discretion to make a motion at the time of sentencing, for a downward departure from the advisory sentencing guidelines range . . . ." (Doc. 5 at 8). However, the Court's admonishment related to sentencing rather than a Rule 35 hearing, and Petitioner alleges that his counsel advised him to "roll with the punches" through sentencing and further informed him that the government did not intend to recommend a reduced sentence at sentencing but would rather do so during a Rule 35 hearing. (Doc. 1 at 14-15).

Therefore, on the record currently before it, the Court cannot conclude that a Petitioner exercising due diligence could have become aware of any apparent ineffectiveness of counsel before November 15, 2013. *See Estremera v. United States*, 724 F.3d 773, 775 (7th Cir. 2013).

Rather than challenging Petitioner's assertion that he did not become aware of the ineffective assistance or that the Rule 35 motion was not filed within a year of his sentencing until the year passed, Respondent chides Petitioner for offering no explanation for waiting to file his § 2255 petition for five months after discovering that the government had not filed a Rule 35 motion. (Doc. 5 at 10). Respondent is

right; Petitioner did wait five months. But that is legally irrelevant when the statute allows Petitioner to file a motion one year from this pertinent discovery. *See* 28 U.S.C. § 2255(f)(4); *Ryan v. United States*, 657 F.3d 604, 607 (7th Cir. 2011) ("[O]nce the limitations period starts running under subsection (f)(4) . . . the movant gets the benefit of a full year even if he delays filing until the last minute of it."). For these reasons, the Court will not dismiss this § 2255 Motion on the ground that it is untimely.

## II. Petitioner's Waiver of Collateral Review

Respondent also argues that Petitioner's motion should be dismissed because he waived his ability to collaterally attack his conviction as part of his plea agreement. The Court concludes that the waiver included in the plea agreement is operative with respect to Petitioner's claim that the government failed to fulfill its promise to file a Rule 35(b) motion, but does not bar Petitioner's claim that he received ineffective assistance of counsel.

Petitioner's claim that the government breached the plea agreement by failing to file a Rule 35(b) motion is barred by the waiver included in the plea agreement. Plea agreements are governed by ordinary contract principles. *United States v. Patterson*, 576 F.3d 431, 438 (7th Cir. 2009). Therefore, when the language of a waiver is express and unambiguous and the waiver is made knowingly and voluntarily, the waiver is generally valid. *United States v. Quintero*, 618 F.3d 746, 751 (7th Cir. 2010). To avoid the effect of his waiver, Petitioner must show that he did not know or understand the terms of the plea agreement, which requires an examination of "the language of the plea agreement itself and . . . the plea colloquy

between the defendant and the judge." *United States v. Chapa*, 602 F.3d 865, 868 (7th Cir. 2010) (citations omitted). In determining whether a petitioner understood and voluntarily accepted a waiver and plea agreement, the Court is entitled to rely upon statements made under oath during the plea colloquy. *See United States v. Weathington*, 507 F.3d 1068, 1072 (7th Cir. 2007) ("Representations made by a defendant at a Rule 11 plea colloquy are presumed true.").

The language of the waiver is express and unambiguous. At paragraph 11, the plea agreement describes Petitioner's "right to attack the conviction and/or sentence imposed collaterally," notes that "such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255," and states "understanding those rights, and having thoroughly discussed those rights with the defendant's attorney, the defendant knowingly and voluntarily waives his right to collaterally attack the conviction and/or sentence." (Doc. 8 at 6). This is an express waiver of Petitioner's right to collaterally attack his sentence or conviction, and nothing on the face of the language indicates that Petitioner did not understand the terms to which he agreed. *See Quintero*, 618 F.3d at 751.

Petitioner's testimony from the plea colloquy demonstrates that his plea and collateral attack waiver were voluntary. In the plea colloquy, the Court highlighted paragraph 11, and properly informed Petitioner that he was waiving this right. The Court specifically identified paragraph 11 of the plea agreement, and noted that it relates to Petitioner's waiver of right to collaterally attack his conviction. The Court noted, "After you have exhausted whatever appeal rights you have . . . you would then have the right to come back to this court in what we refer to as collateral

proceedings and ask this Court to correct or modify your conviction and/or your sentence . . . In paragraph 11, you're waiving that right. Do you understand that sir?" (Doc. 5-2 at 20). Petitioner indicated that he understood, he again affirmed that he was waiving his right to collaterally attack his sentence or conviction, and he affirmed that he was waiving the right knowingly and voluntarily. (*Id.* at 20-21).

Although the Court concludes that Petitioner knowingly and voluntarily waived his right to collateral attack his sentence or conviction, such a waiver does not permit Respondent to dishonor promises that were part of the plea. *See Quintero*, 618 F.3d at 752. Petitioner argues that Respondent dishonored the plea agreement by failing to file a Rule 35(b) motion. This suggestion is contradicted by the plea agreement itself as well as Petitioner's testimony during his change of plea hearing. At paragraph 1, the agreement states that "no other agreement, understanding, promise, or condition between the United States Attorney for the Central District of Illinois exists, except as set forth in this plea agreement." (Doc. 8 at 1). Further, it states that the agreement "supersedes and replaces any and all prior formal and informal, written and oral, express and implied, plea agreements between the parties." (*Id.*). This language "is the equivalent of an integration clause in a regular contract, and negates any effort . . . to undo the terms of the plea agreement by pointing to an alleged promise." *United States v. Rutledge*, 900 F.2d 1127, 1132 (7th Cir. 1990); *see also United States v. Cieslowski*, 410 F.3d 353, 361 (7th Cir. 2005). Petitioner reaffirmed this during his change of plea hearing, in which he told the court that the agreement completely and accurately set forth all

agreements and understandings he had reached with the government. (Doc. 5-2 at 39).

Based on the terms of the plea agreement that Petitioner signed, any oral promise made by the government to file a Rule 35(b) motion was not part of Petitioner's plea agreement, but rather merged into the agreement that he signed. *See Rutledge*, 900 F.2d at 1132. Therefore, when the government failed to file a Rule 35(b) motion, it did not materially breach the terms of the plea agreement. *See Quintero*, 618 F.3d at 752.

Because the Court concludes that Petitioner knowingly and voluntarily waived his right to collaterally attack his conviction and sentence, and because it concludes that any oral promise Respondent may have made to Petitioner was not part of the plea agreement, Respondent's motion to dismiss Petitioner's claim relating to the government's failure to file a Rule 35(b) motion is granted.

The waiver does not apply to Petitioner's ineffective assistance of counsel claim. Although such waivers in plea agreements are ordinarily enforced, *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999), the Seventh Circuit has "repeatedly recognized that appellate and collateral review waivers cannot be invoked against claims that counsel was ineffective in the negotiation of the plea agreement." *Hurlow v. U.S.*, 726 F.3d 958, 964 (7th Cir. 2013).

The rule that waivers cannot be invoked against ineffective assistance of counsel claims is not absolute. The Seventh Circuit has rejected "broad, unsupported assertions of ineffective assistance as well as garden variety attacks . . . raise[d] in the guise of a claim of ineffective assistance of counsel." *Hurlow*, 726

F.3d at 966 (internal citations and quotations omitted). In cases like this, a Petitioner "cannot just assert that a constitutional violation preceded his decision to plead guilty or that his trial counsel was ineffective for failing to raise the constitutional claim. Rather [petitioner] must allege that he entered the plea agreement based on advice of counsel that fell below constitutional standards." *Id.* at 966-67.

The waiver included in Petitioner's plea agreement cannot be invoked against his ineffective assistance claim, as the claim is not broad and unsupported, or a garden variety attack raised in the guise of a claim of ineffective assistance of counsel. Respondent argues that "petitioner's claim here is not of a constitutional dimension," and that he merely claims he was "informally promised a Rule 35 reduction within a year of his sentencing." (Doc. 5 at 11). However, the Seventh Circuit has held that an ineffective assistance claim based under very similar facts raised a constitutional claim. *See Hutchings v. United States*, 618 F.3d 693, 696 (7th Cir. 2010). In *Hutchings*, an attorney advised a member of a methamphetamine conspiracy to plead guilty and "told him that if he pled guilty and cooperated with the government, one year later the government would move to reduce his sentence . . . under Federal Rule of Criminal Procedure 35." *Id.* at 695. When the government failed to make a Rule 35 motion, the prisoner challenged his sentence under § 2255 on the ground that he received ineffective assistance of counsel. *Id.* at 696. Ultimately, the Seventh Circuit upheld the denial of the prisoner's petition, but not before concluding that the petitioner had "made a substantial showing of the denial

of a constitutional right as to whether counsel's advice regarding [his] plea of guilty was ineffective assistance," and issuing a certificate of appealability. *Id.*

On that basis, this Court concludes that Petitioner's ineffective assistance of counsel claim raises a substantial enough constitutional issue to overcome the waiver included in his plea agreement. *See Hurlow*, 726 F.3d at 764; *Hutchings*, 618 F.3d at 696.

## III.    Petitioner's Request for Counsel

In his Motion for Status, Petitioner requests that the Court appoint him counsel. (Doc. 10 at 1). Petitioner's request is denied. A civil litigant is not entitled to a court-appointed attorney. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). However, the Court may request an attorney to represent an indigent litigant. 28 U.S.C. § 1915(e)(1). The decision of whether to appoint counsel is generally left to the discretion of the Court. *Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983). The litigant must first show that he made a reasonable attempt to acquire counsel without Court intervention. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). If the litigant has made the proper attempt, the Court considers whether, "given the difficulty of the case," he appears able to litigate it himself, and, if not, whether appointed counsel would be "reasonably likely to alter the outcome." *Id.* at 655-56, 660. In this case, Petitioner has not demonstrated that he made a reasonable attempt to acquire counsel without Court intervention. For that reason, the Court denies his request. *See id.* at 654.

**CONCLUSION**

Respondent's Motion to Dismiss (Doc. 5) is GRANTED in PART and DENIED in PART. Petitioner's claim that Respondent failed to fulfill its promise to file a Rule 35(b) motion is dismissed with prejudice, but Respondent's Motion is denied in all other respects. Petitioner's Motion for Status (Doc. 10) is DENIED. Respondent's response addressing the merits or any other procedural bar to Petitioner's Motion is due by January 9, 2015. Petitioner may file a reply within twenty-eight days of being served with the response. IT IS SO ORDERED.

Entered this 3rd day of December, 2014.


s/Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge